# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1232V

| | |
|---|---|
| KATHERINE MACK as personal representative of the estate of JAMES CARHARTT,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 14, 2025 |

*Julia Wernett McInerny, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On August 9, 2024, Katherine Mack, as personal representative of the estate of James Carhartt ("Mr. Carhartt"),[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner initially filed the Petition as Mr. Carhartt's decedent spouse due to the impending statute of limitations and fact that she had not yet been designated as personal representative of his estate. Petition at 1; *see also* Section 16(a)(3) (requiring a petition be filed within two years of a vaccine-related death). After her appointment as personal representative, Petitioner filed an amended petition and motion to amend the caption. ECF Nos. 19, 23, 27.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Act"). Petitioner alleged that Mr. Carhartt suffered Guillain-Barré syndrome ("GBS"), a defined Table injury, or in the alternative caused-in-fact or significant aggravation injury, after receiving an influenza ("flu") vaccine on October 13, 2021. Amended Petition at 1, ¶¶ 3, 46-48. Petitioner also alleged that Mr. Carhartt received the vaccine within the United States, that he suffered the residual effects of his GBS for more than six months and sadly passed away from his GBS illness on August 18, 2022, and that neither Petitioner nor any other party has filed a civil action or received compensation for Mr. Carhartt's GBS, alleged as vaccine caused. *Id.* at ¶¶ 3, 41-42, 46-47, 49-50. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 14, 2025, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 2. Specifically, Respondent has concluded "that Mr. Carhartt's records establish satisfaction of the criteria for a flu/GBS Table injury." *Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master