# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1232V

|  |  |
|---|---|
| KATHERINE MACK as personal representative of the estate of JAMES CARHARTT,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: March 17, 2026 |

*Julia Wernett McInerny, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On August 9, 2024, Katherine Mack, as personal representative of the estate of James Carhartt ("Mr. Carhartt"),[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleged that Mr. Carhartt suffered Guillain-Barré syndrome ("GBS"), a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner initially filed the Petition as Mr. Carhartt's decedent spouse due to the impending statute of limitations and fact that she had not yet been designated as personal representative of his estate. Petition at 1; *see also* Section 16(a)(3) (requiring a petition be filed within two years of a vaccine-related death). After her appointment as personal representative, Petitioner filed an amended petition and motion to amend the caption. ECF Nos. 19, 23, 27.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

defined Table injury, or in the alternative caused-in-fact or significant aggravation injury, after receiving an influenza ("flu") vaccine on October 13, 2021. Amended Petition at 1, ¶¶ 3, 46-48. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 14, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Mr. Carhartt's GBS. On March 17, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $500,000.00, representing $250,000.00 for pain and suffering and $250,000.00 for the statutory benefit for a vaccine-related death; and $299,496.97 for satisfaction of the State of Colorado Medicaid lien. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the following is awarded:

A. **A lump sum payment of $500,000.00, representing $250,000.00 for pain and suffering and $250,000.00 for the statutory benefit for a vaccine-related death, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Katherine Mack, as personal representative of the Estate of James Carhartt; and**

B. **A lump sum of $299,496.97, representing compensation for satisfaction of the State of Colorado Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

**Colorado Department of Health Care Policy & Financing
Attn: Stephanie Monterroso
303 E. 17th Avenue
Denver, CO 80203.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| KATHERINE MACK, as personal representative of the estate of JAMES CARHARTT, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 24-1232V <br> Chief Special Master Corcoran |

**PROFFER ON AWARD OF COMPENSATION[1]**

On August 9, 2024, Katherine Mack ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act"), alleging that her deceased spouse, James Carhartt, suffered Guillain-Barré

Syndrome ("GBS"), as defined in the Vaccine Injury Table, and subsequently died on August 17,

2022, as a result of an influenza ("flu") vaccine administered on October 13, 2021.  Petition at 1-

2.  On June 6, 2025, an amended petition was filed along with documentation confirming that

petitioner had been appointed as the personal representative of the estate of Mr. Carhartt.[2]  ECF

No. 19, ECF No. 20-16 (Exhibit 13 (estate documentation)).  On July 17, 2025, petitioner filed a

motion to amend the case caption.  ECF No. 23.  On September 3, 2025, the Chief Special

Master entered an Order amending the case caption to note that petitioner had been appointed as

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The amended petition added details regarding Mr. Carhartt's alleged injuries along with citations to medical records, but no new claims were added.

the personal representative of the estate of Mr. Carhartt.[3]  ECF No. 27.  On November 14, 2025,

the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating

that this case is appropriate for compensation under the terms of the Vaccine Act for a GBS

Table injury and vaccine-related death.  ECF No. 31.  On the same day, November 14, 2025, the

Chief Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation.

ECF No. 32.

## I.      Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded

the following:

### A.      Pain and Suffering

Respondent proffers that petitioner should be awarded **$250,000.00** for pain and

suffering, as the legal representative of Mr. Carhartt's estate.  *See* 42 U.S.C. § 300aa-15(a)(4).

Petitioner agrees.

### B.      Statutory Death Benefit

Respondent proffers that petitioner should be awarded **$250,000.00** for the statutory

benefit for a vaccine-related death, as the legal representative of Mr. Carhartt's estate.  *See* 42

U.S.C. § 300aa-15(a)(2).  Petitioner agrees.

### C.      Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of

Colorado Medicaid lien in the amount of **$299,496.97**, which represents full satisfaction of any

right of subrogation, assignment, claim, lien, or cause of action the State of Colorado may have

---

[3] Petitioner filed documentation on June 6, 2025, establishing that on November 8, 2024, she was appointed personal representative of James Carhartt's Estate under the laws of the State of Colorado.  *See* Exhibit 13.  All references to petitioner herein refer solely to Katherine Mack in her representative capacity as the personal representative of the Estate of James Carhartt.

2

against any individual as a result of any Medicaid payments the State of Colorado has made to or

on behalf of Mr. Carhartt or his estate from the date of his eligibility for benefits through the date

of judgment in this case as a result of his vaccine-related injury suffered on or about October 13,

2021, under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    <u>Form of the Award</u>

The parties recommend that the compensation provided to petitioner should be made

through two lump sum payments, as described below, and request that the Chief Special Master's

decision and the Court's judgment award the following:

A. A lump sum payment of **$500,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Katherine Mack, as personal representative of the Estate of James Carhartt;[4] and

B. A lump sum payment of **$299,496.97**, representing compensation for satisfaction of the State of Colorado Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

> Colorado Department of Health Care Policy & Financing
> Attention: Stephanie Monterroso
> 303 E. 17th Avenue
> Denver, CO 80203

Petitioner agrees.

---

[4] If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of James Carhartt at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of James Carhartt upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-7751
Email: Dorian.Hurley@usdoj.gov

DATED: March 17, 2026

## CERTIFICATE OF SERVICE

I certify that today, March 17, 2026, a copy of the foregoing pleading will be served by electronic mail to Julia McInerny at jmcinerny@mctlaw.com.

/s/ *Dorian Hurley*
DORIAN HURLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-7751
Email: Dorian.Hurley@usdoj.gov

4